UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SPUZA, M.D.; FELICIA
SPUZA, M.D.; and FELICIA SPUZA,
M.D., P.A.,

      Plaintiffs,

v.                                          CASE NO.: 8:06-CV-1480-T-MAP

JO ANNE B. BARNHART,
COMMISSIONER OF THE UNITED
STATES SOCIAL SECURITY
ADMINISTRATION; MICHAEL O.
LEAVITT, SECRETARY OF THE
UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN
SERVICES; and FIRST COAST
SERVICE OPTIONS, INC.,

      Defendants.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), the Plaintiffs, Medicare Part B providers, seek judicial review of an administrative law judge's decision concerning multiple non-adjusted claims submitted to First Coast Service Options, Inc. ("First Coast"), a Medicare Carrier on April 19, 2001. In particular, the Plaintiffs allege the ALJ erred in determining he lacked jurisdiction over the claims and dismissing the Plaintiffs' request for an ALJ hearing. At this juncture, both parties seek entry of an order remanding the case for further administrative action. While the Plaintiffs asks the Court to remand with instructions that the Commissioner issue notices of determination and other administrative procedures, the Defendants says that remand to further develop the record is more appropriate. After consideration and hearing oral

argument from counsel, I find that remand is appropriate as set forth below.

   *A. Factual background*

   Plaintiffs, Dr. Michael Spuza and his mother Dr. Felicia Spuza are physicians who provided medical services together at the Spuza Medical Center as Felicia Spuza, M.D., P.A. In April 1999, the government indicted Michael Spuza on Medicare kickback charges. During the pendency of the criminal investigation, in June 1999, the government suspended payments on claims filed by Dr. Michael Spuza. Thereafter, in December 1999, the government suspended Medicare payments to Spuza, P.A. In April 2000, Dr. Michael Spuza was convicted of the Medicare kickback charges and a number of related charges, and the court ordered that he make restitution in the amount of $55,000. As a result of his conviction, Dr. Michael Spuza was excluded from participation in the Medicare program for a period of ten years beginning June 21, 2001.

   On April 19, 2001, Dr. Michael Spuza electronically submitted approximately $65,000 in Medicare claims to the Medicare carrier administering the Medicare program in Florida, First Coast Services Options, Inc. ("First Coast"). First Coast advised Plaintiffs that it would not release the suspended Medicare payments during the pendency of the appeal of the $55,000 restitution award, because it planned to use the suspended payments to offset the restitution order if upheld on appeal. However, on September 21, 2001, the Eleventh Circuit reversed the restitution order and held no restitution was due, and on September 26, 2001, First Coast advised that it would pay the suspended payments within thirty days. Plaintiffs assumed that the forthcoming payments would include payment on the April 19, 2001, claims since First Coast had not yet paid these claims. In a letter to Plaintiffs received in November 2001, First Coast

explained that an audit it conducted revealed an overpayment to Michael Spuza and Spuza, P.A. of $10,401.95, and First Coast deducted the overpayment from the suspended payments and paid $38,055.80 in suspended payments to Spuza, P.A.  According to Plaintiff, at first (in January 2002) the Defendants claimed some outstanding suspended payments remained unpaid, but explained that the outstanding suspended payments could not be paid during Michael Spuza's ten–year Medicare exclusion period.  Plaintiffs claim that later, in May 2004, the Defendants advised that in fact they had paid all of the Plaintiffs' suspended claims.  Upon hearing this information, Plaintiffs deduced that payment on their the April 19, 2001, claims had not been suspended, and on September 10, 2004, Plaintiffs resubmitted their April 19, 2001, claims to the carrier.  When the Defendants did not provide a notice of initial determination in response to the re-submission, Plaintiffs requested a fair hearing on November 12, 2004.  The carrier hearing officer dismissed Plaintiffs' request for a carrier fair hearing due to "untimely claims filing and the services in question are not a hearing issue."[1]  Plaintiffs requested clarification regarding First Coast's statement that the services in question were not a hearing issue, but First Coast did not provide any clarification.  Instead, First Coast sent a letter indicating that it accepted Plaintiffs request for withdrawal of their request for a fair hearing even though Plaintiffs claim they never made any such request.

On May 9, 2005, the Plaintiffs appealed the carrier hearing officer's dismissal of the Plaintiff's request for a carrier hearing and the carrier hearing officer's acceptance of a purported

---

[1] Usually, a provider seeks a carrier fair hearing after the carrier provides a notice of initial determination.  However, a provider may seek a carrier fair hearing if the carrier does not act with reasonable promptness (defined as 60 days) on the claims.  *See* 42 U.S.C. § 1395u(b)(3)(C) and 42 C.F.R.§ 405.802.

request for a withdrawal of the hearing. On August 10, 2005, the ALJ dismissed the request for an ALJ hearing, and issued a written decision concluding that he lacked jurisdiction to hear the matter because there was no "clear documentary evidence of a prior level determination and/or adjudication of the claim(s) at issue by the carrier including an initial determination ... or a Medicare fair hearing." In the written decision, the ALJ stated:

> Therefore, the undersigned Administrative Law Judge strongly recommends that the Medicare Carrier either produce for the Appellants "verified" [emphasis added] copies of the initial determinations for all claims in dispute along with adequate reasons for the denial of payment, if applicable, and proof of notice or notification, if any, or in the alternative that the Medicare Carrier provide the Appellants the opportunity for a full in-person evidentiary fair hearing on the merits of the claim(s), pursuant to the provisions set forth in 42 C.F.R. 405.821.

(doc. 29, attachment #1). Plaintiffs appealed the ALJ's decision to the Medicare Appeals Council, and on June 15, 2006, the Medicare Appeals Council refused to grant the request for review, stating only that "[t]he issuance of [a] carrier hearing decision on the merits is a jurisdictional prerequisite for an ALJ hearing under applicable regulation." On August 10, 2006, the Plaintiffs filed the instant lawsuit, seeking review of the Medicare Appeals Council's June 15, 2006, order and the related August 10, 2005, ALJ order and a writ of mandamus compelling the carrier to make the appropriate initial determinations regarding the April 19, 2001, claims and to release any suspended payments due to Plaintiffs.

*B. Discussion*

In a nutshell, Plaintiffs acknowledge that they have not been able to properly exhaust their administrative remedies. However, they argue that it was the carrier's fault since the carrier failed to abide by its nondiscretionary duty to make an initial determination, provide Plaintiffs with a notice of initial determination, and provide a carrier fair hearing after Plaintiffs' submitted their

April 19, 2001, claims. Plaintiffs contend that because Defendants failed to follow their own rules and regulations, the ALJ and Medicare Appeals Council refused to carry out their nondiscretionary duties of reviewing Plaintiffs' claims. According to Plaintiffs, since the carrier failed to provide due process to Plaintiffs by failing to make an initial determination, failing to provide a notice of initial determination, and failing to provide a carrier fair hearing, the case could not be heard by the ALJ or Medicare Appeals Council and there could never be a "final decision" subject to judicial review.[2] Defendants maintain the Plaintiffs could have requested a carrier hearing after submission of the April 19, 2001, claims if they were concerned that the claims were "not being acted upon with reasonable promptness." *See* 42 C.F.R. §405.821(c); 42 U.S.C. §405.801(a). Reasonable promptness is defined as a "period of 60 consecutive days after the receipt by the carrier of a request for payment." 42 C.F.R. § 405.802. *See Cervoni v. Sullivan*, 763 F.Supp. 1168 (D. P.R. 1991) (finding that doctor who waited three years after carrier's initial determination was a "gross violation of the time limitations written into the regulations [and] amounts to a failure to exhaust administrative remedies, and ultimately must prove fatal to Cervoni's claim of federal court jurisdiction"). Defendants further argue that the Plaintiffs waited too long to initiate their administrative appeal – three years after they filed their April 19, 2001, claims. The Medicare reimbursement regulations provide that a provider has six months to request a review of a Medicare carrier's determination with respect to denial of payment for submitted claims. *See* 42 C.F.R. §§ 405.807(c), 405.821(c), 42 U.S.C. § 1395ff(b).

---

[2] In the First Amended Complaint, Plaintiffs allege that "[b]y failing to provide RAs [remittance advices a.k.a. notices of initial determinations or explanations of benefits], fair hearings and review by the Medicare Appeals Council with respect to the aforesaid [claims filed on April 19, 2001], the Defendants have deprived Plaintiff of his property interests without due process of law in violation of the Fourth and Fifth Amendments." doc. 29, ¶ 33.

When the Plaintiffs sought ALJ review, the ALJ concluded that "there is no clear documentary evidence of a prior level determination and/or adjudication of the claim(s) at issue by the Medicare carrier including an initial determination, pursuant to 42 C.F.R. 405.704 of the regulations, or a Medicare fair hearing …" (doc. 29, attachment #1, p. 2).  The regulations provide that the ALJ may remand a case if the "ALJ believes that the written record is missing information that is essential to resolving the issues on appeal and that information can be provided only by CMS [Centers for Medicaid and Medicare Services] or its contractors, then the ALJ may either: (1) Remand the case to the QIC [Qualified Independent Contractor] that issued the reconsideration or (2) Retain jurisdiction of the case and request that the contractor forward the missing information to the appropriate hearing office." 42 C.F.R. § 405.1034(a)(1)-(2).  Although the ALJ stated that he "strongly recommends that the Medicare Carrier either produce for the Appellants "verified" [emphasis added] copies of the initial determinations for all claims in dispute along with adequate reasons for the denial of payment, if applicable, and proof of notice or notification, if any, or in the alternative that the Medicare Carrier provide the Appellants the opportunity for a full in-person evidentiary fair hearing on the merits of the claim(s), pursuant to the provisions set forth in 42 C.F.R. 405.821," he stopped short of remanding the case with instructions that the carrier provide the missing information.  Hence, in light of 42 C.F.R. § 405.1034(a), I find that the ALJ should have remanded the case with instructions that the carrier supplement the written record as indicated above.  As a result, remand is appropriate to more fully develop the record on the merits of Plaintiffs' claims in order to determine whether the claims have been paid and whether the requirements of due process were met.

*C. Conclusion*

It is hereby ORDERED:

1. The Defendants' Motions for Judgment on the Pleadings (docs. 40, 49) are DENIED.

2. The Plaintiffs' motion for remand (doc. 61) is GRANTED. The Clerk of Court is directed to enter judgment for the Plaintiffs with instructions that the final administrative decision is REVERSED pursuant to sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §405(g) and 1383(c)(3), and the case is REMANDED to the Office of Medicare Hearings and Appeals of the Department of Health and Human Services for further administrative proceedings consistent with the reasons set forth herein.[3] The Plaintiffs' motion for remand is DENIED in all other respects.

IT IS SO ORDERED at Tampa, Florida on this 17th day of December, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[3] The Office of Medicare Hearings and Appeals of the Department of Health and Human Services has assumed responsibility for ALJ hearings related to Medicare benefits. *See Office of Medicare Hearings and Appeals; Statement of Organization, Functions, and Delegations of Authority,* 70 Fed.Reg. 36386, 36386 (June 23, 2005).